## REPORTS OF EXPENDITURES BY PARTY ORGANIZATIONS.

Common Pleas Court of Clark County.

STATE OF OHIO V. H. D. LONG ET AL.

Decided, 1916.

*Corrupt Practices Act—Exceptions by Prosecuting Attorney to State-*
*ments of Election Expenses—Completeness of Statement Distin-*
*guished from Legality of Expenditure—Extent to Which Statements*
*Should be Itemized.*

Under the statutory provision that within ten days after an election
every committee, association or organization, subject to the pro-
visions of the corrupt practices act, shall file itemized statements
showing in detail all moneys contributed or expended, with the
names and addresses of those who expended money, the specific
nature of each item and the date and purpose for which it was
contributed or expended, it is held:

That sufficient particularity as to residence is shown if the name of
the city in which the preson resides is given.

That the purpose of the contribution sufficiently appears if it is stated
that it was to promote the success of the party with which those
concerned with the statement are associated.

That all contributions or expenditures should be dated.

That in the statement of a committee chairman the items "miscellane-
ous expenses," "election day expenses" and "sundry expenses" are suf-
ficiently explicit.

That objection to such items as expenditures for "cigars" and for
"workers" does not go to the question of the completeness of the
statement.

That the names and addresses of those employed by committeemen to
assist at the polls on election day should be given, but it is not
necessary to particularize as to the nature of the work done.

That money paid for postage and telephoning should be itemized, and
payments for stenographic and clerical help, meetings, etc., should
give the names of the persons to whom payments were made to-
gether with the dates of payment.

That receipted bills need be filed only in cases of payments of ten
dollars or more.

*C. E. Ballard,* for plaintiff.

*John M. Cole* and *McGrew, Laybourne & MacGregor,* contra.

GEIGER, J.

This action is filed by the prosecuting attorney of the county by virtue of Section 5175-14. There are a large number of defendants, but the only cases now in question are those of W. O. Jackson, as president of the Clark county Republican central committee; T. D. Wallace, as treasurer of the Democratic committee, and W. E. Copenhaver as president of the citizens' committee, of the city of Springfield, Ohio.

As to W. O. Jackson, the petition alleges he is the president of the Clark county Republican central committee, which committee aided and promoted the success of the Republican party at the November election, and that said W. O. Jackson, as president, filed in the office of the board of deputy supervisors of election expenses of said Republican committee, which the petition alleges is incomplete in seven (7) particulars therein enumerated.

The petition alleges that T. D. Wallace is the treasurer of the Democratic committee of Clark county, which committee did aid and promote the success of the Democratic party, and that he, within ten days, as treasurer of such committee, filed an alleged statement of account of the expenses of said Democratic committee, which the petition alleges is incomplete in three particulars therein enumerated.

The petition states that W. E. Copenhaver was president of the citizens' committee; that said committee did aid and promote the election of certain individuals for the office of city commissioner at the election of 1915 held in the city of Springfield on November 15, 1915, and that he as such president filed an alleged statement, which the petition alleges is incomplete in three particulars therein enumerated.

The petition prays that the court may issue an order directing the defendants to show cause why they filed incomplete statements of election expenses, and that the court determine the question as to whether the omission was intentional or unintentional.

There are certain provisions of the statutes which are applicable alike to all the cases.

Section 5175-2 provides that every committee which may have expended any money in connection with any election, shall, within ten days after the election file an "itemized" statement, showing in detail all money contributed or expended.

Section 5175-3 provides that such statement shall contain the names and addresses of each candidate or person who contributed or expended any money, the specific nature of such item, the purpose for which, the place where and the date when it was contributed or expended, and shall specify the balance in the hands of the accounting committee, and the disposition to be made thereof.

Section 5175-4 provides that any individual, other than a candidate, who has expended any money on behalf of any committee, may and if the money was received from a committee shall, within five days deliver to the committee an account stating in detail to whom, when and where and for what purpose, and in what sums he paid out said money, and said account shall be attached to and form a part of the statement to be filed by the committee, but if the committee can not obtain such account from the person to whom it advances the money within the time in which such statement must be filed, such committee shall so recite in its statement, giving the names and addresses of the persons to whom the money was advanced, and who failed to account for the same, and the reasons, if any, for such failure.

Section 5175-5 provides who shall sign and verify the account. Section 5175-6 provides where such account shall be filed.

Section 5175-11 provides that every payment required to be accounted for shall, unless the total expense to any one person be not in excess of $10, be vouched for by a receipted bill which shall be filed with such statement.

Section 5175-20 provides that within ten days after the hearing, the judge shall render his decision in writing, setting forth whether the person against whom the petition is brought, is subject to the requirements of filing and has failed to file, or has filed an incomplete statement, and whether such failure to file, or the filing of such incomplete statement is due to willful intent to defeat the requirements of the act.

Section 5175-21 provides that if such persons have filed incomplete statements, the court shall render judgment requiring them to file an amendment within ten days after the entry of judgment, and pay the costs of the proceeding, and that the failure to comply with the order of the court shall be deemed a contempt. If such persons have filed an incomplete statement, and such incomplete statement was due, in the opinion of the court, to willful intent to defeat the purposes of the act, the court shall transmit a copy of its decision to the prosecuting attorney.

Section 5175-22 provides that the filing of a materially false or incomplete statement shall be *prima facie* evidence of willful intent to defeat the statute.

Section 5175-26 as amended (105-106 O. L., 437), provides that any person is guilty of a corrupt practice if he directly or indirectly in connection with any election, pays any money for any other purpose than the matters and services set out in said section at their reasonable *bona fide* customary value.

The section then sets out the purposes for which money may be expended, among them being "the circulation of letters, pamphlets and literature bearing on elections." The section provides that any payment for any purpose whatsoever, except as provided in said section, is corrupt practice, and invalidates the election of any person guilty thereof.

In substance, these sections, so far as they relate to the case at bar, provide that the committee, by its president or treasurer, within ten days after an election, shall file an itemized statement showing in detail all moneys contributed or expended, which statement shall contain the names and addresses of each person who contributed or expended the money, the specific nature of each item, and the purpose for which, and the date when it was contributed or expended.

The statute seems to be specific and definite as to these matters, and to have been followed by the forms upon which accounts are filed.

To itemize an account is to state in items, or by particulars, or to state in detail the particulars of the account, so that the account may be examined and its correctness tested.

Under these provisions of the statute, we will examine first the account of W. O. Jackson. The first objection in the petition is that it does not give the address of each person who contributed money to the committee, nor the purpose for which it was contributed, nor the date when contributed. This allegation seems to be borne out by the account. Of course, any one knows that the contributions were made to aid and promote the success of the Republican party, and possibly in addition, to defeat certain referendum propositions. No date of the contributions is given, nor is the address of any one contributing given, although there can be no doubt as to their real address.

The court would therefore suggest that the accountant amend the account by putting in the date of the payments, giving the residence of the parties, and it may be stated that all parties above listed are residents of Springfield, Ohio, except where same may not be true. The purpose for which the contribution is made may be stated, if true, as being to aid and promote the success of the Republican party.

The second objection is that the account does not show the address of each person who received the money or the date when received. There can be no reasonable doubt as to the address of the persons enumerated as receiving the money, but the date and address may be set out. It might well be inferred that the persons enumerated as having received the sum of $10 for workers on election day, reside within the city of Springfield, but in order to comply with the technical objection, it might be well to set out the same.

The third objection is that items to W. O. Jackson, in the sums of $15, $12 and $16.04, do not state the purpose for which the money was distributed, or the date when distributed. The three items appear as "miscellaneous expenses," "election day expenses," and "sundry expenses," none of which are dated.

Any one familiar with the conduct of an American election knows the chairman of the committee in the large cities has certain incidental expenses that would be impossible of itemization, not because they are vicious or obnoxious to the law, but because in the heat and hurry of the election, it would be im-

possible for any man, without the services of a secretary at hand, to keep a definite account of the small sundry expenses incident to his position. Of course it may be possible that those who drew the corrupt practice act had no real knowledge of the exigencies of the position of the chairman, but the court is not at liberty to do other than give a proper construction to the statute, even though he may think the Legislature in its efforts at reformation has imposed an impossible burden upon the committee.

It will be observed, however, that the statute calls for the expenditure made by the committee, and not expenditures made by the individual, W. O. Jackson.

By Section 5175-4 it seems to be recognized that an individual may expend money upon behalf of the committee—this statute imposing upon this individual the duty of either filing a statement or of delivering an account to the committee, stating in detail for what purpose he paid out said money received by him from the committee, which statement may be filed by the committee, provided that it can obtain the same within the time in which the committee is obliged to file the statement.

The court is of the opinion that the items of W. O. Jackson, miscellaneous expenses, $15, election day expenses, $12, and sundry expenses, $16.04, in view of their small amount and the official position of W. O. Jackson, as chairman of the committee, are a sufficient itemizing of said expenditures, so far as the committee itself is concerned, except that they should bear the date of payment to Mr. Jackson.

The fourth objection is that the account shows on its face there was illegally spent for cigars the sum of $14. The court is unable to undertand why an item showing the expenditure of $14 for cigars, renders the account incomplete. It is true that such expenditure is not permitted by Section 5175-26, but that does not reflect upon the truth or completeness of the statement.

The court would not be willing to endorse the proposition that if an expense account sworn to by the person making it, shows items that are forbidden by law, that the court may compel the person making such statement to so amend it as to show items

that are allowed by law, in lieu of those that are not allowed. The very purpose of the corrupt practice act, in requiring the filing of a statement, is to disclose for what purpose money was expended, and if the person making the account, adhering to the strict truth, states under oath the money was expended for items not allowed by law, such person is very much less subject to criticism than he would be if in order to escape the penalties imposed by the statute he should make and swear to a false statement of the expenditure.

The court is now dealing only with the completeness of the account, and not with the legality or illegality of the items for which money is shown to have been expended, and therefore the court does not feel that the item for cigars tends to show that the report is incomplete.

The fifth objection is that said account recites that $570 was paid for workers on election day, but does not give the names and addresses of said workers. The account states, in reference to the item of $570 paid to W. O. Jackson for workers on election day, that the following named persons were in charge of the work in the city precincts, and the sum of $10 was paid to each for workers on election day; said workers being employed for the purpose of distributing literature. Then follows a list of some 57 persons, who were shown by the evidence to be city members of the Republican central committee. The objection is that the account does not give the names and addresses of the workers, to whom the members of the central committee were to pay the $10 given to them by the chairman.

The court thinks that the individual members of the central committte to whom the item of $10 was paid, probably fall within Section 5175-4, which requires that an individual expending money for the committee shall make an itemized statement of such expenditure, which may be filed by the committee, in the event it has secured the same before the date on which it files its account. As far as the expenditure of the money by the committee is concerned, it shows a distribution of $10 to each of 57 different persons, who thereby became commissioned to

expend the money among the sub-workers of the precinct and became obligated to make a report to the committee of such expenditure. The committee's report of the expenditure is only incomplete in that it does not state it could not obtain an account of such items from the persons to whom the committee had paid the money, within the time in which it was required to file its statement, and the reason, if any, why the committee was unable to secure such itemized statement from the individual committeemen. The report does not show the address of the committeeman to whom the $10 was paid, except in so far as it indicates they are committeemen working in Springfield. It might be well that the committee should state, and it may do so in bulk, that all the above persons reside in the city of Springfield.

The sixth objection is that after the alleged statement was filed with the deputy supervisors, there was annexed to the same an alleged itemized statement, but that the same was not sworn to as required by law nor the names and addresses of the said alleged workers given. The itemized statement appears attached to the account, and no evidence has been received that it was not so attached at the time of the filing of the account. The objection as to the lack of addresses has already been passed upon.

The seventh objection is that the report does not show what disposition is to be made of the balance in the hands of the committee, amounting to the sum of $6.38. The committee is to be congratulated that it has a balance and the court assumes that some proper use may be found for the amount, and apparently the law requires that a statement be made of the hopes and expectations of the committee that may be based upon this sum of money. This disposes of the Republican petition.

The first objection made to the report of the treasurer of the Democratic committee is, that it does not give the address of each person who contributed money to such committee, nor the purpose for which it was contributed. This is the same question that has been disposed of in reference to the Republican

committees' report, and the court will make the same ruling as to this.

The second objection is that the report shows on its face, that it has illegally expended for forty-one workers on election day the sum of $125, and does not give the names of all of said workers, nor the purpose for which they were employed, nor their addresses. The schedule does give the names of forty workers, and designates the forty-first as a helper to one of the forty. The addresses of these workers should be given.

The prosecutor's most serious objection, as the court understands it, is that the account does not designate the work that was performed by the workers. The Republican committee seemingly was aware of the amendment to Section 5175-26 (105-106 O. L., 437), which eliminated, as a legal expenditure, a provision that persons designated to represent the parties, might be paid for their services by the committee, not in excess of $5 per day each, and brought themselves within the provision of the statute permitting an expenditure for the circulation of "literature" upon election day.

One definition of "literature" is "a class of writings, distinguished by beauty of style or expression, as poetry, essays, history, in distinction from scientific treatises and works, which contain positive knowledge."

It is not clear to the court what particular literary production relating to the election is permitted by the statute to be distributed among the voters, nor does it appear from the account of the Republican committee the kind chosen by it for the edification and enlightenment of the voters upon election day, but it is possibly safe to assume that the Legislature had in mind the common device of a card, calling upon the electors to support a particular party or individual. This is a serious work of election day, but hardly meets the requirement of the definition of literature, as heretofore commonly understood.

The Democratic committee, seemingly in ignorance of the amendment of the statute passed May 27, 1915, eliminating pay for workers, has stated that its expenditure was for forty-one workers, at $3 per day, for election day.

The view of the court heretofore expressed as to the Republican expenditure of $14 for cigars, would cover his view upon this expenditure of $3 for each worker. It does not effect the completeness of the report that the expenditure is not authorized by statute, and the court is now only dealing with the completeness of said report.

The third objection is that after said statement was filed, there was added the names of workers, but did not give the date when they were paid, nor the purpose for which they were employed, nor was said statement sworn to after the additions were made.

The court has already indicated that the date should be supplied. As to the purpose for which they were employed, the account states it was for workers. By long usage, the employment of "workers" on election day is well understood. Election day work is as much a commodity in elections as are those items of advertising, fire-works, speakers, brass bands, and political and legal advice that precede the day of election, that are set out in the statute as being permitted. There are certain classes of citizens who take an intense interest in the election, who are by statute excluded from participation in the distribution of any of the campaign funds. They may be the less prominent citizens who can not give assistance in the services that have been dignified by statutory enumeration, but the nature and character of the services rendered by them, is well established and time honored. So the court must hold that the designation used in the Democratic committee's report of workers for election day, has a well defined and well known meaning and that it is not necessary to particularize as to the work to be done by them.

The court recognizes that expenditures for this purpose are not authorized by the statute, but as said before, this does not effect the completeness of the report. This disposes of the objections to the report of the Democratic committee.

As to the report of the Citizens' committee, the first objection is that it does not give the address of each person who contributed money to the committee, nor the purpose for which it was con-

tributed. This objection has already been disposed of as to the other two committees.

The second objection is that it shows on the face that $907 in money was distributed, but does not give the names and addresses of the persons who received the same, nor the purpose for which it was received, nor the date when received.

The first item, as to Felix Hinkle, as per receipt attached, $809.90. The attached receipt set out different items of advertising, and of $125 for agency service. The filing of this itemized statement is permitted under Section 5175-4, and the court believes it is complete enough, although it might not technically meet the provision of this section, in that it was money paid to Hinkle after the election in payment of the items included in his statement, and not money received by him before the election. There is an item of postage and stenographic help ($285) on which there is no information except that showing its distribution. The court feels that this item should be amended so as to show the amount for postage, and the amounts paid for stenographic help, and the individuals to whom the same was paid. There is an item of $150 for clerical help. This is not a sufficient itemizing of money thus expended. The report should be amended so as to show the individuals receiving the same, and the amount paid each individual. There is a further item of $214.17, covered by "messenger service, delivery, supplies, telephone, distribution of literature, and some small meetings—no item in excess of $10." This can not be regarded as an itemized statement of this expenditure, and the account should be corrected so as to show the amounts paid for each, and the persons to whom paid, together with the dates of payment and the residences of the parties to whom the money was paid. The report should also show what disposition is to be made of the balance of $172.91. The committee has fallen into error in concluding that because no item exceeds $10 that it need not be itemized. The reference to the $10 expenditure is found in Section 5175-11 and provides that for all payments, unless the total payable to any one person be not in excess of $10, shall be

vouched for by a receipted bill, stating the particulars of expenditure, which voucher shall be filed with the statement. That the item was less than $10 does not avoid the requirement that it shall be itemized, but only the requirement there shall be a receipted bill.

The court is convinced that none of the omissions made in any of the reports were due to wilful intent to defeat the requirements of the corrupt practice act. The various committees will therefore amend their accounts at the points indicated, within ten days after the filing of the entry, as provided by the statute.

---

### REMEDY OF A MORTGAGOR WHO HAS BEEN DENIED THE RIGHT OF REDEMPTION.